1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   CREEKSIDE ON SUNSET
    CONDOMINIUM ASSOCIATION, a
10  Washington non-profit corporation,          No.  2:22-cv-0534-BJR

11                          Plaintiff,           ORDER GRANTING IN PART
                                                 PLAINTIFF'S MOTION FOR PARTIAL
12          v.                                   SUMMARY JUDGMENT

13  EVANSTON INSURANCE COMPANY,
    SUCCESSOR BY MERGER TO ESSEX
14  INSURANCE COMPANY, an Illinois
    corporation,
15
16                          Defendant.

17
18                          I.     **INTRODUCTION**

19          This lawsuit arises from an insurance coverage dispute between Plaintiff Creekside on

20  Sunset Condominium Association ("Plaintiff" or the "Association") and Defendant Evanston

21  Insurance Company ("Defendant" or "Evanston").  Presently before the Court is Plaintiff's motion

22  for partial summary judgment on part of its claim for declaratory relief (the "Motion" or "Mot.,"

23  Dkt. 17).  Having reviewed the Motion, the record of the case, and the relevant legal authorities,

24  the Court GRANTS the Motion in part.  The reasoning for the Court's decision follows.

25
26

ORDER - 1

## II.   <u>BACKGROUND</u>

A.   **Factual Background**

1.   **The Evanston Policies**

The Association is a non-profit corporation whose members own the Creekside on Sunset Condominium (the "Condominium") in Renton, Washington.  Evanston sold the Association three "Difference in Conditions" property insurance policies that, collectively, provided coverage from February 1, 2006 to February 1, 2009 (the "Evanston Policies").[1]  Declaration of Todd Hayes ("Hayes Decl.," Dkt. 19), Ex. A.  The parties agree that the Evanston Policies, as Difference in Conditions policies, were intended to serve a "gap-filling" function by affording coverage for certain perils that are not covered by standard property insurance.  *See* Mot. at 4; Opp. at 3; *see also Siena Del Lago Condo. Ass'n v. Am. Fire & Cas. Co.*, No. 12-cv-251, 2013 WL 2127137, at *4 (W.D. Wash. May 14, 2013) (explaining that "difference in conditions" policy provided "coverage for 'gaps'" in underlying insurance policy), *aff'd*, 639 F. App'x 436 (9th Cir. 2016).

Each of the Evanston Policies "insures against all risks of direct physical or loss damage from any external cause except as [] excluded" therein.  Hayes Decl., Ex. A at 7.  Section 4 of the Evanston Policies, entitled "Perils Excluded," identifies numerous perils that are excluded from coverage.  Section 4(A), in particular, excludes:

> (A)(1)   Fire, lightning, wind or hail, theft, …;
>
> (2)   Loss or damage caused by or resulting from any perils, other than earthquake or flood, that is insured under the policy(s) maintained by the insured as required by the "Underlying All Risk Coverage endorsement" attached to this policy.  Loss or damage is contributed to in any manner by perils which is insured against in this policy.

---

[1] While the policies were issued by Essex Insurance Company, that company has since merged with Evanston.

ORDER - 2

*Id.*, Ex. A at 8-9.  The endorsement referenced in Section 4(A)(2) (the "Endorsement") provides, in turn:

> [C]overage for this policy shall only apply when the Insured complies with the following requirement:
>
>> Coverage for "Special Causes of Loss", "All Risks of Physical Loss" or wording which is equal to these forms or broader, shall be maintained from the inception of this policy to the expiration of this policy.
>
> … [F]ailure of the insured to comply with this requirement materially affects the exposure insured and may void all coverage afforded under this policy.

*Id.*, Ex. A at 22.

### 2.    The State Farm Policies

While the Evanston Policies were in effect, the Association maintained underlying property insurance policies issued by State Farm (the "State Farm Policies").  Hayes Decl., Ex. B.  Those policies, which are set forth in a "Special Form" (as modified by endorsement), provide, in relevant part:

> 3.    We do not insure under any coverage for any loss caused by one or more of the items below:
>
>      …
>
>      c.  weather conditions.
>
> But if accidental direct physical loss results from items 3.a., 3.b. or 3.c., we will pay for that resulting loss unless the resulting loss is itself one of the losses not insured in this Section.

*Id.*, Ex. B at 29.

### 3.    The Association's Insurance Claim

In 2021, the Association retained J2 Building Consultants ("J2"), a licensed engineering firm, to inspect the Condominium's exterior.  Declaration of Jens Johanson ("Johanson Decl.," Dkt. 18) ¶ 3.  J2's principal, Jens Johanson, declares that, during the inspection, J2 discovered that the sheathing and other underlying building components "had been damaged by exposure to

ORDER - 3

elements of the weather." *Id.* In March 2022, the Association submitted an insurance claim to Evanston for the damage. Hayes Decl., Ex. D. Evanston denied coverage.

**B.  Procedural Background**

Plaintiff filed this lawsuit in state court on March 21, 2022, seeking a declaration that the damage to the Condominium is covered under the Evanston Policies. Dkt. 1-6. On April 21, 2022, the case was removed to this Court. On November 2, 2022, Plaintiff filed the present motion for partial summary judgment, seeking several legal rulings as to the interpretation of the Evanston Policies. Defendant opposed the Motion (Dkt. 24 ("Opp.")), and Plaintiff replied (Dkt. 26 ("Rep.")).

### III.  <u>STANDARD OF REVIEW</u>

"The standard for summary judgment is familiar: 'Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact.'" *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)). A court's function on summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there is not, summary judgment is warranted.

### IV.  <u>DISCUSSION</u>

**A.  Plaintiff's Motion for Partial Summary Judgment**

Through its motion, Plaintiff asks the Court to issue three distinct legal rulings concerning the scope of the Evanston Policies: (1) the policies "cover damage to real property from exposure to elements of the weather"; (2) the policies "cover damage caused by a combination of covered

ORDER - 4

and uncovered perils"; and (3) Evanston would be "liable for all incremental and progressive damage if some of that damage was ongoing during [the] policy periods." Mot. at 7.

###     1.     Whether the Policies Cover Damage from Weather Conditions

Plaintiff seeks a ruling that the Evanston Policies cover damage resulting from "exposure to elements of the weather." As Plaintiff appears to recognize on reply, it is not entitled to a ruling that expansive. Section 4(A)(1) of the policies expressly identifies several types of weather conditions as excluded perils, including "lightning, wind [and] hail." *See* Hayes Decl., Ex. A at 8. As such, the Evanston Policies do not broadly cover damage from "elements of the weather." Confronting these exclusions, Plaintiff states on reply that it "would not object to an order that states the Policies cover 'rain.'" Rep. at 2 n.1. While the Court will deny Plaintiff the ruling it originally sought in the Motion, in the interest of focusing the issues for trial, the Court will review whether the Evanston Policies cover damage resulting specifically from rain. *See, e.g.*, *Overton v. Consol. Ins. Co.*, 145 Wash. 2d 417, 424 (Wn. Sup. Ct. 2002) ("The outcome of this case depends on a proper interpretation of the insurance policies…").

The Evanston Policies "insure[] against all risks of direct physical or loss damage from any external cause except as [] excluded" therein. Hayes Decl., Ex. A at 7. Defendant does not dispute that the Evanston Policies do not specifically identify rain as an excluded peril. *See* Mot. at 9-11. Instead, Defendant argues that damage resulting from rain is excluded by operation of Section 4(A)(2) of the Evanston Policies, which excludes "loss or damage caused by or resulting from any perils … that is insured under the policy(s) maintained by the insured as required by the [Endorsement]." Hayes Decl., Ex. A at 8-9. As noted above, the Endorsement required the Association to maintain an underlying all-risk insurance policy throughout the duration of the policy periods. *See id.*, Ex. A at 22. According to Defendant, the Association was thereby

ORDER - 5

obligated to obtain underlying insurance specifically covering damage caused by rain, making that type of damage an excluded loss under Section 4(A)(2).  If the Association did not obtain such insurance, Defendant argues, then the Association would have violated the Endorsement and all coverage obligations would be voided.  *See* Opp. at 6-7.

Defendant's argument lacks merit.  The Evanston Policies contain no provision requiring that the Association maintain an underlying insurance policy covering damage resulting specifically from rain.  Rather, the Endorsement simply required the Association to maintain "[c]overage for 'Special Causes of Loss,' 'All Risks of Physical Loss' or wording which is equal to these forms or broader."  Hayes Decl., Ex. A at 22.  Plaintiff did so by obtaining "Special Form" policies from State Farm, which afford all-risk coverage and thereby constitute the type of underlying insurance policy contemplated by the Endorsement.  *See, e.g.*, *id*., Ex. B at 27; Dkt. 27; *see also* John N. Love, *Insuring Against Many, but Not All, Risks an Overview of the All Risk Policy*, 43-SPG Brief 12, at 13 (2014) ("The Causes of Loss-Special Form is what we refer to as the 'all risk' form"); Sidney G. Saltz, *Allocation of Insurable Risks in Commercial Leases*, 37 Real Prop. Prob. & Tr. J. 479, 490 (2002) (noting that "Special Form" is "colloquially known as 'all risk' insurance coverage" and "covers all risks of physical loss, subject only to specified exclusions").  Defendant does not dispute that the State Farm Policies were in effect throughout the Evanston Policies' periods.  Therefore, the State Farm Policies satisfied the Endorsement regardless of whether they cover damage caused by rain.

Accordingly, the question of whether the Evanston Policies exclude damage resulting from rain turns on whether such damage is covered by the State Farm Policies.  Plaintiff contends – and Defendant does not dispute – that the State Farm Policies "exclude all damage from 'weather conditions.'"  *See* Rep. at 5 n.2.  The Court's examination does not stop there.  In presenting the

ORDER - 6

relevant State Farm Policies exclusion, Plaintiff recites only part of it: "We do not insure under any coverage for any loss caused by one or more of the items below: … c. weather conditions." Mot. at 5 (quoting Hayes Decl., Ex. B at 29).  Plaintiff leaves out the ensuing sentence: "But if accidental direct physical loss results from [that peril], we will pay for that resulting loss unless the resulting loss is itself one of the losses not insured in this Section."  Hayes Decl., Ex. B at 30. Giving effect to the entire exclusion provision, the State Farm Policies cover damage resulting from weather conditions – including rain – as long as that damage is accidental and is not itself an excluded peril.  *See Eagle Harbour Condo. Ass'n v. Allstate Ins. Co*., No. 15-cv-5312, 2017 WL 1316936, at *4 (W.D. Wash. Apr. 10, 2017) (finding that all-risk policy, "strictly construed for coverage," covered all weather events not specifically excluded).  For example, given that "decay" and "deterioration" are excluded perils under the State Farm Policies (*see* Hayes Decl., Ex. B at 28), damage resulting from rain that is itself decay or deterioration will not be covered by those policies.  On the other hand, if damage resulting from rain is not itself an excluded peril (and is accidental), then the damage will be covered by those policies.  In other words, the extent to which the State Farm Policies cover damage caused by rain depends on the nature of the damage suffered.

At this point, the Court is unable to determine, as a general matter, whether the State Farm Policies exclude – and the Evanston Policies consequently cover – damage resulting from rain. Neither the Complaint nor Plaintiff's motion papers provide any explanation as to the nature of the damage suffered by the Condominium or Plaintiff's theory as to how that damage occurred. Indeed, it is only in Plaintiff's reply that Plaintiff first points to rain as the culprit.  At most, the Court can rule that the State Farm Policies do not cover – and that the Evanston Policies therefore cover – damage resulting from rain that is either not accidental or is itself an excluded peril under the State Farm Policies.

ORDER - 7

Accordingly, the Court will deny summary judgment to Plaintiff on this issue insofar as Plaintiff seeks a ruling that the Evanston Policies cover damage resulting from "exposure to elements of the weather." The Court, instead, rules that the Evanston Policies do not exclude damage resulting from rain that is not accidental or that is itself an excluded peril under the State Farm Policies.

### 2. Whether the Policies Cover Damage Caused by a Combination of Covered and Uncovered Perils

Plaintiff seeks a ruling that the Evanston Policies cover damage caused by a combination of covered and uncovered perils. *See* Pl. Mot. 14-19. The Court finds that Plaintiff is entitled to the sought ruling.

In support of its request, Plaintiff points to the "efficient proximate cause" rule (the "EPC rule"), which "states that where a peril specifically insured against sets other causes into motion which, in an unbroken sequence, produce the result for which recovery is sought, the loss is covered, even though other events within the chain of causation are excluded from coverage." *Hill & Stout, PLLC v. Mut. of Enumclaw Ins. Co.*, 200 Wash. 2d 208, 226 (Wn. Sup. Ct. 2022) (quoting *McDonald v. State Farm Fire & Cas. Co.*, 119 Wash. 2d 724, 731 (Wn. Sup. Ct. 1992)). The Washington Supreme Court has made clear that "a policy cannot contract around the [EPC] rule – i.e., it cannot contract to exclude coverage for excluded perils within a causal chain initially started by a covered peril." *Id.* at 228. However, the same is not true for the inverse of the EPC rule, where the causal chain is initiated by an excluded peril but includes a covered peril. As to that type of causal chain, the Court has left open the opportunity for the insurer to contractually exclude coverage. *See id.* at 226 (citing *Vision One, LLC v. Philadelphia Indem. Ins. Co.*, 174 Wash. 2d 501, 519 (Wn. Sup. Ct. 2012)).

ORDER - 8

In opposing the ruling sought by Plaintiff, Defendant argues that, insofar as the damage resulted from a chain of causation initiated by an excluded peril,[2] the Evanston Policies contain language excluding losses resulting from that type of causal chain. Opp. at 7. Specifically, Defendant points to the final sentence of Section 4(A)(2): "Loss or damage is contributed to in any manner by perils which is insured against in this policy." Opp. at 8. The Court, after straining to comprehend that sentence, agrees with Plaintiff that it is "non-sensical" and cannot be construed to exclude losses resulting from a causal chain initiated by an excluded peril.[3] Further, consistent with the well-established principle that ambiguous insurance policies are interpreted in favor of the insured, particularly where exclusions are concerned, *see, e.g.*, *Queen City Farms, Inc. v. Cent. Nat. Ins. Co. of Omaha*, 126 Wash. 2d 50, 83 (Wn. Sup. Ct. 1994), the Court will not read Section 4(A)(2) in the manner proposed by Defendant.

Defendant also argues that the damage suffered by the Condominium was caused solely by uncovered perils. Opp. at 7-8. Defendant misunderstands that Plaintiff does not seek a determination as to whether the damage was, in fact, caused by a combination of covered and uncovered perils. Rather, Plaintiff only seeks a ruling that the Evanston Policies cover damage that is proven to have been caused by such a combination. *See* Rep. at 7. While the Court cannot determine the cause of the Condominium's damage as a factual matter, *see, e.g.*, *Greenlake Condo. Ass'n v. Allstate Ins. Co.*, No. 14-cv-1860, 2015 WL 11988945, at *8 (W.D. Wash. Dec. 23, 2015) ("To the extent that Plaintiff seeks summary judgment as to the proximate cause of damage, this

---

[2] Defendant asserts that the initiating cause of the Condominium's damage was original construction defects, which is an excluded peril under the Evanston Policies. *See* Opp. at 7.

[3] In contrast, the Washington Supreme Court, for example, has accepted the following language as excluding losses resulting from a causal chain initiated by an excluded peril: "We will not pay for loss or damage caused … by an excluded event if the occurrence of that event: … Initiates a sequence of events that results in loss or damage, regardless of the nature of any intermediate or final event in that sequence." *Hill & Stout*, 200 Wash. 2d at 226.

ORDER - 9

question is a question of fact best left to a jury."), the Court can determine the policies' scope of coverage as a matter of law.  *See, e.g.*, *Overton*, 145 Wash. 2d at 424.

Accordingly, in the absence of policy language excluding coverage for damage resulting from a combination of uncovered and covered perils, the Court rules that the Evanston Policies afford such coverage.  *See Vision One*, 174 Wash. 2d at 509 (approving trial court's jury instruction that "[i]f it is found that the loss was caused by one or more non-excluded event(s) in combination with one or more excluded event(s); the loss is covered"); *Sunwood Condo. Ass'n v. Travelers Cas. Ins. Co. of Am.*, No. 16-cv-1012, 2017 WL 5499809, at *4 (W.D. Wash. Nov. 16, 2017) (finding that the absence of a "concurrent cause exclusion … indicates an intent to cover the damage or loss [] if it results from concurrent covered and excluded causes").  The Court will therefore grant summary judgment to Plaintiff on this issue.

### 3. Whether Evanston Would be Liable for all Progressive and Incremental Damage

Under the so-called "continuous trigger" rule, "progressive or incremental damage … is treated as a single, continuing 'occurrence' for liability purposes."  *Sunwood*, 2017 WL 5499809, at *5 (citation and quotation marks omitted).  "Once coverage is triggered in one or more policy periods, those policies provide full coverage for all continuing damage, without any allocation between insurer and insured."  *Eagle Harbour*, 2017 WL 1316936, at *7 (quoting *Travelers Prop. Cas. Co. of America v. AF Evans Co.*, No. 10-cv-1110, 2012 WL 12882902, at *3 (W.D. Wash. 2012)).  "Thus, insurers who provide insurance during the period in which there is damage are jointly and severally liable for the total damage."  *Greenlake*, 2015 WL 11988945, at *12; *see Eagle Harbour*, 2017 WL 1316936, at *7 ("Each insurer of a risk during a time of ongoing damage has a joint and several obligation to provide coverage for that damage." (citations omitted)).

ORDER - 10

1    Plaintiff seeks a ruling that, if the jury finds that the Condominium has suffered from
2    "progressive and incremental damage that was ongoing during Evanston's policy periods," then
3    Evanston would be "liable for all that ongoing damage." Mot. at 16-17.  In opposing Plaintiff's
4    request, Defendant argues that "Plaintiff has not established that some new damage occurred in
5    each of the three policy periods." Opp. at 9.  Defendant's argument lacks merit.  As an initial
6    matter, Defendant again misunderstands that Plaintiff's motion does not seek a factual
7    determination, but instead asks the Court to determine, as a legal matter, the scope of coverage
8    under the Evanston Policies.  Moreover, while Defendant is correct that coverage under any of its
9    policies is triggered only if new damage occurred during that policy's period, *see, e.g.*, *Sunwood*,
10   2017 WL 5499809, at *5 ("The Association must identify instances of new damage during [the]
11   policy period to trigger coverage."), Defendant incorrectly suggests that each policy covers only
12   damage taking place within its specific period.  Rather, in accordance with the continuous trigger
13   rule, if Plaintiff proves that the Condominium's damage occurred progressively and incrementally
14   – *i.e.*, constituting a single, continuing occurrence – then each policy triggered will "provide full
15   coverage for all continuing damage" irrespective of when that damage first began and ultimately
16   ceased.  *See Eagle Harbour*, 2017 WL 1316936, at *7.
17
18
19   Defendant also argues that the continuous trigger rule applies only when the damage at
20   issue extends into multiple insurers' policy periods, such that different insurers can be jointly and
21   severally liable for the damage.  Opp. at 10.  Defendant, however, cites no authority for that
22   proposition, and it is plainly inconsistent with the case law.  *See, e.g.*, *Sunwood*, 2017 WL 5499809,
23   at *5 ("when damage is continuing, all triggered policies provide full coverage" (citation omitted));
24   *see also American Nat. Fire Ins. Co. v. B & L Trucking & Const. Co.*, 134 Wash. 2d 413, 428 (Wn.
25
26

ORDER - 11

Sup. Ct. 1998) ("If the insurer wished to limit its liability through a pro rata allocation of damages once a policy is triggered, the insurer could have included that language in the policy.").

The ruling sought by Plaintiff is consistent with, and supported by, the continuous trigger rule.  Therefore, if the jury determines that some new damage covered by the Evanston Policies took place during any of the policy periods, and that such damage occurred progressively and incrementally, then Defendant will be liable for all of the continuing damage.  Accordingly, the Court will also grant Plaintiff summary judgment on this issue.

## V.   **CONCLUSION**

For the foregoing reasons, the Court GRANTS in part Plaintiff's motion for summary judgment.  Dkt. 17.  The Court hereby rules as follows:

1.  The Evanston Policies do not exclude damage resulting from rain that is not accidental or that is itself an excluded peril under the State Farm Policies.

2.  The Evanston Policies cover damage resulting from a combination of covered and uncovered perils.

3.  If the jury determines that some new damage covered by the Evanston Policies took place during any of the policy periods, and that such damage occurred progressively and incrementally, then Defendant will be liable for all of the continuing damage.

SO ORDERED.

Dated:  January 5, 2022

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 12